# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSEPH P. MCCLELLAND, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | 5:09-CV-256 (CAR) |
| : | |
| **FIRST GEORGIA COMMUNITY BANK;** : | |
| **FEDERAL DEPOSIT INSURANCE** : | |
| **CORPORATION AS RECEIVER FOR** : | |
| **FIRST GEORGIA COMMUNITY BANK;** : | |
| **and MCINTOSH STATE BANK** : | |
| : | |
| Defendants. : | |
| : | |

## ORDER ON MCINTOSH STATE BANK'S MOTION TO DISMISS

Plaintiff, proceeding *pro se*, seeks a declaratory judgment from the Court that Defendants First Georgia Community Bank ("First Georgia") and Federal Deposit Insurance Corporation as Receiver for First Georgia ("FDIC") are liable on a promissory note Plaintiff executed with McIntosh State Bank ("McIntosh"). Currently before the Court is Defendant McIntosh's Motion to Dismiss [Doc. 3] this case for lack of jurisdiction because the case is not ripe for review. Plaintiff did not file a response. After review of the Motion and the applicable law, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim because no actual controversy exists. The Court therefore **GRANTS** Defendant McIntosh's Motion to Dismiss. [Doc. 3].

On June 17, 2006, Plaintiff entered into a loan agreement with McIntosh wherein he borrowed $130,600.00 ("the Note"). On July 23, 2009, Plaintiff filed this action contending that he is not liable on the Note. Instead, Plaintiff claims that First Georgia and FDIC are liable because he was merely acting as an agent for First Georgia and FDIC when he obtained the Note. To date, McIntosh has not instituted legal proceedings against Plaintiff to recover on the Note.

Because Plaintiff's claim is not ripe for review, this Court does not have subject matter jurisdiction over this cause of action. See Hugh Johnson Enters., Inc. v. City of Winter Park, Fla., 231 F. App'x 848, 850 (11th Cir. 2007) (holding that no subject matter jurisdiction exists when claim is insufficient to meet the ripeness standard). "Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies." DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008) (internal quotation marks omitted). Where, as here, Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, he has the "burden of satisfying the prerequisites for standing, since a declaratory judgment may only be issued in the case of an actual controversy." Id. In other words, Plaintiff must show "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937).

Here, because McIntosh has not sought to recover on the Note, Plaintiff fails to establish a real and substantial dispute and therefore lacks standing to assert his claim. In seeking to obtain a ruling from the Court declaring him not liable on the Note, Plaintiff is essentially trying to gain a litigation advantage by obtaining a ruling on a potential defense to a suit that has not yet been filed. Federal courts do not have subject matter jurisdiction over hypothetical claims and "may not be made the medium for securing an advisory opinion in a controversy which has not arisen." Coffman v. Breeze Corp., 323 U.S. 316, 324 (1945); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (holding that a prisoner may not use a declaratory judgment action to determine the validity of a defense that a State might raise in a future habeas proceeding). Until McIntosh sues Plaintiff to recover on the Note, Plaintiff's cause of action is not ripe for review, and any judgment from the Court at this time determining Plaintiff's liability as a defense to a future suit would be improper.

For the foregoing reasons, Defendant McIntosh's Motion to Dismiss [Doc. 3] is **GRANTED**.

**SO ORDERED,** this 17th day of February, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

APG/ssh