IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOSEPH P. MCCLELLAND, JR.,** | : | |
| Plaintiff, | : | |
| v. | : | 5:09-CV-256 (CAR) |
| **FIRST GEORGIA COMMUNITY BANK; FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for FIRST GEORGIA COMMUNITY BANK** | : | |
| Defendants. | : | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANT'S MOTION TO DISMISS**

Currently before the Court are Plaintiff's Motion to Amend Complaint [Doc. 23] and Defendant Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for First Georgia Community Bank's ("the Bank") Motion to Dismiss [Doc. 27]. The FDIC acts as Receiver for the Bank, and even though Plaintiff filed suit against both the FDIC-R and the Bank, FDIC-R is the only appropriate Defendant in this action. Without further discussion, the Court finds no undue prejudice toward FDIC-R in allowing Plaintiff to amend his complaint and therefore **GRANTS** Plaintiff's Motion to Amend Complaint [Doc. 23]. In considering FDIC-R's Motion to Dismiss, the Court has accepted and evaluated Plaintiff's proposed First Amended Complaint filed as Attachment 1 to the Motion to Amend [Doc. 23-1]. For administrative purposes, however, Plaintiff must re-file the Amended Complaint as a separate document on the docket within five (5) days of the date of this Order. After consideration of the Amended Complaint, the arguments of the parties, and the applicable law, for the reasons explained below, the Court

1

**GRANTS in part and DENIES in part** FDIC-R's Motion to Dismiss [Doc. 27]. As discussed below, all of Plaintiff's claims are hereby **DISMISSED** except his breach of contract claims which may proceed forward.

## BACKGROUND

Taking all of Plaintiff's allegations in his Amended Complaint as true, as this Court must when considering a motion to dismiss, the facts are as follows. Since at least July 1997, Plaintiff served as Director for the Bank. As Director, Plaintiff agreed to defer both his compensation and payment of his bank owned life insurance ("BOLI") until Plaintiff requested payment at a later date. Plaintiff was authorized to, and did, purchase stock from the Bank's holding company, some of which he purchased with funds borrowed from the Bank's holding company.

In July 2008, the Bank refused to pay Plaintiff's compensation and his BOLI funds upon Plaintiff's request. Six months later, in December, Plaintiff again requested compensation for his work, and the Bank again refused to pay. By March 2009, the Bank had failed, and the FDIC had been named Receiver. At that time, Plaintiff initiated administrative proceedings to recover the monies. In accordance with the administrative procedure set forth in the Federal Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Plaintiff submitted a Proof of Claim to the FDIC-R for the unpaid (1) "collateral" and (2) "BOLI and deferred compensation," for a total amount of $660,265 in damages.[1] On May 26, 2009, Plaintiff's claims were rejected by the FDIC-R. Thereafter, Plaintiff filed a request for review in this Court against the FDIC-R,

---

[1]Plaintiff did not attach a copy of the Proof of Claim to either his original complaint or his amended complaint, but the FDIC-R attached the document to its Motion to Dismiss. Because this document is central to Plaintiff's claims, the Court may consider the Proof of Claim as part of the pleadings for the purposes of Fed. R. Civ. P. 12(b)(6). Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

the Bank, and McIntosh State Bank. See 12 U.S.C. § 1821(f)(5). This Court dismissed McIntosh State Bank based on a prior motion, and McIntosh is no longer a defendant in this case [See Doc. 21].

Plaintiff's Amended Complaint asserts seven counts against the FDIC-R: breach of contract for failure to pay deferred compensation ("Count I"); breach of contract for failure to pay BOLI ("Count II"); breach of duty to preserve held collateral ("Count III"); breach of duty of good faith to notify Plaintiff of the declining value of the collateral ("Count IV"); breach of "ratified agency contracts" ("Count V"); unjust enrichment ("Count VI"); and litigation costs ("Count VII"). The FDIC-R has now moved to dismiss Plaintiff's Amended Complaint on three grounds. First, the FDIC-R seeks dismissal of four counts for Plaintiff's alleged failure to exhaust the statutorily-required administrative remedies prior to filing an action against the FDIC-R in district court, pursuant to 12 U.S.C. § 1821(d). Second, the FDIC-R moves to dismiss the surviving counts for Plaintiff's alleged failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finally, the FDIC-R seeks dismissal on grounds of a pending simultaneous action in the Northern District of Georgia.

## DISCUSSION

**Subject Matter Jurisdiction**

The FDIC-R first asserts that Plaintiff's claims for breach of duty to preserve held collateral, breach of duty of good faith to notify Plaintiff, breach of ratified agency contracts, and litigation costs should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. When asserting claims to failed bank assets against the FDIC-R, Plaintiff must first exhaust certain administrative remedies pursuant to FIRREA in order to "dispose of the bulk of claims against failed financial institutions expeditiously and

fairly . . . without unduly burdening the District Courts." F.D.I.C. v. Lacentra Trucking, Inc., 157 F.3d 1292, 1299 (11th Cir. 1998) (quotation omitted); see 12 U.S.C. § 1821(d)(3)-(7). Only after the administrative claims procedure is exhausted can a district court review an administrative decision de novo. See 12 U.S.C. § 1821(d)(13)(D); Lacentra, 157 F.3d at 1294.

To properly determine whether this Court has subject matter jurisdiction over the four challenged counts in Plaintiff's Amended Complaint, the Court must undertake a two-prong analysis. First, the Court must determine whether the claims asserted in the Amended Complaint were likewise asserted during the administrative proceedings. If so, then the Court has subject matter jurisdiction over the challenged counts. Alternatively, if the claims were not asserted in the administrative proceedings, then the Court must determine whether the challenged claims fall within one of the following four types of claims: (1) claims for payment from assets; (2) actions for payment from assets; (3) actions seeking a determination of rights; and (4) a claim relating to any act or omission. 12 U.S.C. § 1821(d)(13)(D). If a claim that falls within one of these categories was not asserted during the administrative process, then the Court does not have subject matter jurisdiction over that claim, and Plaintiff is precluded from asserting such claim in this Court. Am. First Fed., Inc., v. Lake Forest Park, Inc., 198 F.3d 1259, 1263 (11th Cir. 1999).

Here, the Court finds that Plaintiff did not assert these four claims for breach of duty to preserve held collateral, breach of duty of good faith to notify Plaintiff, breach of ratified agency contracts, and litigation costs in the administrative process. During the administrative process, Plaintiff made two general claims requesting only the collateral, BOLI payments, and his deferred compensation. Even interpreting the administrative claims broadly, the Court finds they do not encompass the four claims he now asserts in this action. Plaintiff did not request compensation for the failure to preserve the collateral, for the failure to notify Plaintiff of the

4

declining value, for the breach of ratified agency contracts, or for the cost of litigation. Although Plaintiff asserts that the counts asserted in this action are implied within his administrative claim for the "collateral," all four of the counts in this action request over $325,000 in compensation that Plaintiff failed to include in his administrative claims.[2] Thus, the Court finds Plaintiff's claims for breach of duty to preserve held collateral, breach of duty of good faith to notify Plaintiff, breach of ratified agency contracts, and litigation costs were not asserted in the administrative proceeding.

Having determined that Plaintiff did not assert these claims in the administrative process, the Court must now determine whether the counts fall within the statutorily mandated claims that must first be brought during the administrative process. See 12 U.S.C. § 1821(d)(13)(D). The Court finds that three of the claims – Plaintiff's claims for breach of duty to preserve held collateral, breach of duty of good faith to notify Plaintiff, and breach of ratified agency contracts – do fall within the statute and are therefore precluded by the FIRREA. Each of these claims specifically relate to acts or omissions made by the Bank and therefore must be first asserted in the administrative claim proceedings. See U.S.C. § 1821(d)(13)(D)(iv). Because Plaintiff failed to assert them in the administrative procedure, this Court lacks jurisdiction to consider them now.

Plaintiff's claim for litigation costs, however, does not fall within the statutorily mandated claims that should be brought in the administrative proceeding, and, therefore, does

---

[2]In the administrative claim, Plaintiff requested a total of $660,265 for his claims for "collateral" and claim for "BOLI amount deferred compensation." This figure is presumably comprised of Plaintiff's Count I ($37,688), Count II ($54, 877), and Count VI ($597,000). This Court notes, however, that the amount noted in Count VI of Plaintiff's Amended Complaint is $29,300 more than the amount requested in the administrative proceeding.

5

not warrant dismissal for failure to exhaust administrative remedies. Accordingly, the claims for breach of duty to preserve held collateral, breach of duty of good faith to notify Plaintiff, and breach of ratified agency contracts of Plaintiff's Amended Complaint are hereby dismissed.

**Failure to Plead Sufficient Facts**

The FDIC-R argues that Plaintiff's surviving claims for breach of contract, unjust enrichment, and litigation costs should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In considering dismissal of a complaint, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ US ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1974, 1955 (2007)). Furthermore, this requires the plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at ___, 129 S. Ct. at 1949. A complaint need not have detailed factual allegations to survive a motion to dismiss, but the facts provided must be more than conclusions and "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

Under Fed. R. Civ. P. 8(a), a plaintiff must "either attach a copy of an alleged contract to the complaint or plead it according to its legal effect." Palma Vista Condo. Assoc. of Hillsborough County, Inc. v. Nationwide Mut. Fire Ins. Co, No. 8:09-CV-0155-T-27EAJ, 2010 WL 2293265, at *2 n.2 (M.D.Fla. June 7, 2010) (quotation omitted). Accordingly, Plaintiff's failure to attach a copy of the contracts is not fatal to his claim. So long as Plaintiff has pled all

6

the necessary elements of a breach of contract action, Counts I and II can remain. To maintain the breach of contract cause of action under Georgia law, plaintiff bears the burden of pleading (1) an enforceable agreement, (2) breach of that agreement, and (3) damages as a result of that breach. See, e.g., Broughton v. Johnson, 247 Ga. App. 819, 819, 545 S.E.2d 370, 371 (Ga. Ct. App. 2001).

Similarly, Plaintiff must also plead the necessary elements of an unjust enrichment claim in order for Count VI to survive FDIC-R's Motion to Dismiss. Under Georgia law, the theory of unjust enrichment is an equitable doctrine that the "benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay." Morris v. Britt, 275 Ga. App. 293, 294, 620 S.E.2d 422, 424 (Ga. Ct. App. 2005).

The Court finds Plaintiff's claims for breach of contract asserted in Counts I and II of the Amended Complaint survive. Accepting Plaintiff's factual allegations as true, Plaintiff has adequately pled both the legal effects of breach of contract claims and sufficient facts to support these claims. Plaintiff alleges that as Director for the Bank he entered into two contracts to receive compensation and BOLI payments; he alleges he agreed to defer his compensation until a time he requested; and he discusses in detail the work he performed as Director for the Bank. Furthermore, Plaintiff alleges that the Bank breached both "contract[s]" because the Bank "refused to pay under the contract[s]" when Plaintiff requested compensation for his work as Director and his BOLI payments. Accordingly, Counts I and II of Plaintiff's Amended Complaint will go forward.

Plaintiff's unjust enrichment claim, however, does not survive FDIC-R's Motion to Dismiss. The facts alleged do not indicate any benefit conferred by Plaintiff to the Bank. The facts merely allege that Plaintiff purchased stock from the Bank's holding company.

7

Furthermore, Plaintiff's conclusive statement, "[b]ecause of the inability of [the Bank] to return preserved collateral, [the Bank] has been unjustly enriched," does not assist in explaining the benefit that the Bank received. Plaintiff's failed investment presumably motivates this count; however, a lost stock venture is not a sufficient basis for an unjust enrichment claim. Accordingly, Count VI of Plaintiff's Amended Complaint is dismissed.

Further, Plaintiff has not asserted any basis for recovery of litigation costs. Plaintiff does not allege any facts that support the conclusion that "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," as required under O.C.G.A. § 13-6-11. Additionally, Plaintiff has not alleged any facts supporting the application of the provisions of O.C.G.A. § § 13-1-11 or 9-15-14. Accordingly, Count VII of Plaintiff's Amended Complaint is dismissed.

**Simultaneous Pending Action**

Finally, the FDIC-R asserts that Plaintiff's claims should be dismissed as duplicative of the claims before the Northern District of Georgia in FDIC-R v. McClelland, III, et al., no. 1:09-CV-2352. District Courts are "afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court. I.A. Durbin, Inc., v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Generally, a suit "is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." Id. at 1551.

While the case in this Court may involve some of the same parties as in the case before the Northern District, the issues are significantly different. In the action filed in the Northern District, FDIC-R is attempting to collect payment on six promissory notes. Here, Plaintiff is attempting to recover compensation for his work as Director and receive BOLI payments, both

of which are allegedly owed to him under contract.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is **GRANTED** [Doc 23], and FDIC-R's Motion to Dismiss [Doc 27] is **GRANTED in part and DENIED in part**. Plaintiff is DIRECTED to file his First Amended Complaint as a separate document on the Court's docket within five (5) days of the date of this action. As explained in this Order, Counts III, IV, V, VI, and VII of Plaintiff's Amended Complaint are hereby **DISMISSED** with prejudice, but Plaintiff's breach of contract claims in Count's I and II will go forward.

**SO ORDERED,** this 12th day of August, 2010.

                                             S/ C. Ashley Royal
                                             C. ASHLEY ROYAL, JUDGE
                                             UNITED STATES DISTRICT COURT

LMH/SSH