UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH P. MCCLELLAND, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 5:09-CV-256 |
| | ) | |
| | ) | |
| FIRST GEORGIA COMMUNITY | ) | |
| BANK; FEDERAL DEPOSIT | ) | |
| INSURANCE CORP. as Receiver for | ) | |
| First Georgia Community Bank, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Currently before the Court is Defendant Federal Deposit Insurance Corporation's, as Receiver for First Georgia Community Bank, Motion for Summary Judgment. As explained below, the Court finds Plaintiff's claims are barred by 12 U.S.C. § 1823(e). Thus, Defendant's Motion [Doc. 56] must be **GRANTED**, and this case is hereby DISMISSED.

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v.

Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52.

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See

2

Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

## FACTUAL BACKGROUND

The facts, as viewed in the light most favorable to Plaintiff, are as follows:

On December 5, 2008, the Georgia Department of Banking and Finance declared First Georgia Community Bank in Jackson, Georgia ("the Bank") insolvent, took possession of the business and its property, and appointed the Federal Deposit Insurance Corporation ("the FDIC") its receiver. Plaintiff Joseph P. McClelland, Jr. was a founding member of the Board of Directors for the Bank and served as a director on the Board of Directors.

Prior to the closure of the Bank, in the spring of 2008, Plaintiff resigned as a director for the Bank and informed the Bank he would like to receive his deferred compensation and his interest in bank owned life insurance. In July 2008, the Bank refused his request. Six months later, in December, Plaintiff again requested his benefits, and the Bank again refused to pay.

Upon closure of the Bank, the FDIC sent out notices to potential claimants instructing them to file any and all claims they had against the Bank. In accordance

with the administrative procedure set forth in the Federal Institutions Reform, Recover, and Enforcement Act of 1989 (FIRREA), Plaintiff filed a "Proof of Claim" with the FDIC seeking repayment of his bank owned life insurance and deferred compensation.  The FDIC denied his claims.  Thereafter, in accordance with the FIRREA, Plaintiff filed this breach of contract action, alleging Defendants breached the agreements regarding his deferred compensation and bank owned life insurance.

In his Complaint, Plaintiff states that he entered into a written agreement with the Bank on November 5, 1999, to defer his compensation.  However, Plaintiff has failed to produce any such written agreement.  Regarding the alleged November 5, 1999 agreement, Plaintiff has produced only a signature page dated November 5, 1999, which references an agreement entitled "First Georgia Community Bank Deferred Compensation Agreement." (Compl. Exh. 5). However, the only fully executed written agreement on record in this case is an entirely different agreement entitled "Director Deferred Fee Agreement" dated December 27, 2001. (Compl., Exh. 3).  Plaintiff also claims other deferred fee agreements exist and has produced portions of documents that reference additional deferred fee agreements entered into after the December 27, 2001 agreement, including (1) an unexecuted copy of the "First Amendment to the First Georgia Community Bank Deferred Compensation Agreement Dated November 5, 1999," dated on an unspecified date in 2006 (Compl., Exh. 6); and (2) an executed copy of the "First Amendment to the First Georgia Community Bank Director Deferred Fee

Agreement" dated April 24, 2003, which purports to amend a different deferred compensation agreement dated June 16, 2001 (Compl. Exh. 4).   The Court will presume that Plaintiff seeks to enforce the fully executed December 27, 2001 deferred compensation agreement.

Plaintiff also seeks to enforce an alleged written agreement regarding his interest in bank owned life insurance.   Plaintiff, however, has produced no such written agreement.   Plaintiff has produced two account statements sent to him from Clark Consulting, the administrator of the bank owned life insurance plan, which purports to show Plaintiff's account balance in the bank owned life insurance (Compl. Exh. 7, 8), and multiple letters between Plaintiff and the Bank referencing the insurance (Compl. Exh. 9 -12; Pl's Response, Doc. 59, Exh. A, C, and H – L).

Because Plaintiff has exhausted his administrative remedies under FIRREA, this case is properly before the Court for judicial review.   See 12 U.S.C. § 1821(d)(6) (providing that courts have jurisdiction over denied claims that have properly been presented to the FDIC under its administrative review process).

## DISCUSSION

Having considered the parties' arguments and the entire record in this case, and having extensively researched this area of law, the Court finds Plaintiff's claims are clearly barred by 12 U.S.C. § 1823(e).  That section provides:

No agreement which tends to diminish or defeat the interest of [the FDIC] in any asset acquired by it . . . as receiver of any insured depository

institution, shall be valid against the [FDIC] unless such agreement

    (A) is in writing,

    (B) was executed by the depository institution and any person
claiming an adverse interest thereunder, including the obligor,
contemporaneously with the acquisition of the asset by the
depository institution,

    (C) was approved by the board of directors of the depository
institution or its loan committee, which approval shall be reflected
in the minutes of said board or committee, and

    (D) has been, continuously, from the time of its execution, an official
record of the depository institution.

12 U.S.C. § 1823(e)(1).  Section 1823(e) was enacted to serve two purposes.  See Langley

v. FDIC, 484 U.S. 86 (1987).  First, it was enacted "to allow federal and state bank

examiners to rely on a bank's records in evaluating the worth of the bank's assets."  Id.

at 91-92.  Second, it was enacted to "ensure mature consideration of unusual loan

transactions by senior bank officials, and prevent fraudulent insertion of new terms,

with the collusion of bank employees, when a bank appears headed for failure."  Id.

Section 1823(e) serves these purposes by protecting the FDIC from claims based upon

agreements which decrease the FDIC's interest in an asset when the FDIC acts as

receiver for a failed bank.  Id. at 90.  The statute bars any claim against the FDIC based

on an agreement unless the agreement is (1) in writing, (2) fully executed by the bank

and the claimant, (3) approved and recorded by the appropriate bank committee, and

(4) from its inception is an official bank record.  12 U.S.C. § 1823(e).

The burden of establishing that an agreement satisfies § 1823(e)(1)'s requirements lays with the party claiming the adverse interest.  See, e.g., FDIC v. Oldenburg, 34 F.3d 1529, 1551 (10th Cir. 1994); Hanson v. FDIC, 13 F.3d 1247, 1253 (8th Cir. 1994); see also FDIC v. Gulf Life Ins. Co., 737 F.2d 1513, 1516 (11th Cir. 1984).  Thus, in this case Plaintiff has the "heavy burden" "to point to documents that clearly manifest the bilateral nature of the [parties'] rights and obligations."  Federal Savings & Loan Ins. Corp. v. Gordy, 928 F.2d 1558, 1563-64 (11th Cir. 1991) (internal quotation marks and citations omitted).  To avoid application of the statute the agreement "must be fully integrated and capable of definition without resort to parol evidence."  Federal Savings & Loan Ins. Corp. v. Homes Intern. Dev. Corp., 721 F. Supp. 290, 294 (S.D. Fla. 1989).

Here, Plaintiff fails to carry his burden.  The first requirement under the statute is that the agreement must be in writing.  Regarding his claim for his interest in the bank-owned life insurance, Plaintiff cannot even meet this first requirement because he has failed to produce any kind of written agreement.  Plaintiff argues that a written agreement can be inferred from the account balance statements and the various letters between the Bank and Plaintiff.  However, documents from which an "inference" of an agreement can be drawn do not satisfy § 1823(e).  Beighley v. FDIC, 868 F.2d 776, 783 (5th Cir. 1989); see also Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1579 (10th Cir. 1993) ("[S]uggestive evidence does not amount to a valid written agreement

itself.").  It is the actual, written agreement which the law requires to be an official

record of the depository institution.  "Scattered evidence in corporate records from

which one could infer the existence of an agreement does not meet the requirements of

[12 U.S.C. § 1823(e)]."  Castleglen, Inc., 984 F.2d at 1579.

Regarding his claim for deferred compensation, although Plaintiff has produced

the written and fully executed December 27, 2001 deferred compensation agreement, he

has failed to produce any evidence that this agreement meets the statute's other

requirements.  The statute specifically "requires that any agreement upon which a claim

is based be memorialized in the bank's records and also be approved by 'officially

recorded action' on the part of the bank's board or loan committee."  Hanson, 13 F.3d at

1251 (quoting Langley, 484 U.S. 86, 92 (1987)).   Plaintiff neither points to any evidence

nor alleges any assertion that the December 27, 2001 deferred fee agreement was

approved by the board, reflected in the minutes, or was a continuous part of the Bank's

records.   On the contrary, Plaintiff's proffered evidence of subsequent and entirely

different deferred fee agreements -- the 2006 First Amendment to a deferred fee

agreement dated in 1999, and the 2003 First Amendment to a deferred fee agreement

dated in June of 2001 -- indicates that the December 27, 2001 agreement was not a

continuous part of the Bank's official record.

The statute must be strictly construed, and "any agreement which does not meet

the requirements set forth in section 1823(e) . . . shall not form the basis of, or

substantially comprise, a claim against the receiver or the [FDIC]." 12 U.S.C. § 1821(d)(9)(A).  Because Plaintiff has failed to produce agreements in accordance with 12 U.S.C. § 1823(e), his breach of contract claims are barred, and Defendants are entitled to summary judgment.

## CONCLUSION

As explained above, the Court finds Plaintiff's claims are barred pursuant to 12 U.S.C. § 1823(e).  Therefore, Defendant's Motion for Summary Judgment [Doc. 56] is hereby **GRANTED**, and this case is hereby DISMISSED.

SO ORDERED this 14th day of March, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH

9